UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 16-12477-RWZ


MARIA MANUELA ANDRADE-HERMORT

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security Administration


MEMORANDUM OF DECISION

February 14, 2018


ZOBEL, S.D.J.

Defendant ("the Commissioner") moves for reconsideration of the court's

November 6, 2017 Memorandum of Decision remanding plaintiff's application for Social

Security Disability Insurance benefits and denying the Commissioner's cross-motion to

affirm.

I.      **Background[1]**

This case hinges on the Administrate Law Judge's ("ALJ") determination of

plaintiff's residual functional capacity ("RFC"), i.e., "the most [she] can still do despite

[her] limitations."  20 C.F.R. § 404.1545(a)(1).  In the proceedings below, the ALJ found

that plaintiff had severe impairments, including fibromyalgia.  To decide whether those

impairments were disabling, he determined her RFC: she could perform "light work"

---

[1]      The court's November 6, 2017 Memorandum of Decision fully sets out this case's factual
and procedural details.  (Docket # 15).  Only the facts relevant to the present motion are related here.

with certain limitations, including that she could only stand, walk, or sit for about six hours in an eight-hour workday and could only "climb or balance, stoop, kneel, crouch, or crawl" "frequently."[2]  This RFC somewhat incorporates plaintiff's self-reported limitations as to, inter alia, difficulty climbing stairs, kneeling, sitting, and balancing.  For the most part, however, the ALJ found plaintiff's allegations were only "partially credible" because they were not supported by the treatment notes of her physicians.  Concluding that a person with plaintiff's RFC could perform plaintiff's past relevant work, the ALJ determined she was not disabled.

Plaintiff sued and principally challenged the RFC determination.  In its November 6, 2017 Memorandum of Decision, the court agreed with plaintiff that the ALJ had improperly discredited her self-reported limitations and had erroneously relied on the absence of objective evidence when determining her RFC.  Citing Johnson v. Astrue, 597 F.3d 409 (1st Cir. 2009), the court noted that objective evidence is not typically found in fibromyalgia cases.  The court therefore remanded the application with instructions that the ALJ reevaluate plaintiff's credibility and her RFC in light of Johnson.

## II.     Standard of Review

Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "allow[s] a court to correct its own errors and avoid unnecessary appellate procedures." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow

_____

[2]     In this context, "frequently" means "occurring from one-third to two-thirds of the time" during the workday, "off and on."  See SSR 83-10, 1983 WL 31251 ("Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2").

situations.'"  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting

Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

As to the ALJ's decision, the court's review "is limited to determining whether the

ALJ used the proper legal standards and found facts upon the proper quantum of

evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).

## III.    Discussion

The Commissioner argues that the court overstated the rule of Johnson and

erred in finding the ALJ's decision unsupported by substantial evidence.

According to the Commissioner, the ALJ was obligated to evaluate the credibility

of plaintiff's self-reported limitations per the applicable laws and Social Security Rulings

("SSRs"), including the rules specifically governing fibromyalgia evaluations.[3]  See SSR

12-2p, 2012 WL 3104869 ("Evaluation of Fibromyalgia").  She contends that the ALJ

appropriately considered the record evidence when making that credibility

determination and calculating plaintiff's RFC.  Moreover, the Commissioner

distinguishes this case from Johnson, arguing that Johnson concerned the standards

for diagnosing fibromyalgia, whereas this case involves determining whether plaintiff's

diagnosed fibromyalgia was disabling.  She urges that because the ALJ applied the

appropriate law, and because the substantial evidence supports his conclusions, his

decision is entitled to considerable deference.  See Rodriguez v. Sec'y of Health &

Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (it is the Commissioner's responsibility

to weigh conflicting evidence and decide issues of credibility; the court must uphold her

---

[3]        SSRs "represent precedent final opinions and orders and statements of policy and
interpretations" adopted by the Social Security Administration.  20 CFR § 402.35(b)(1).  They are binding
on all components of the Administration.  Id.

findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [her] conclusion.").

### A. Applicable Rulings

As the Commissioner notes, SSR 12-2p guides the ALJ in "evaluat[ing] a person's statements about his or her symptoms and functional limitations" in fibromyalgia cases. 2012 WL 3104869, at *5. It does so by directing the ALJ to employ the two-step process set forth in SSR 96-7p. Id.; see SSR 96-7p, 1996 WL 374186 ("Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements").[4] Step two of that process is relevant here: in determining the RFC, "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," then the ALJ must consider all of the evidence in the record and make a finding on the credibility of the person's self-reported limitations. SSR 12-2p, 2012 WL 3104869, at *5. Importantly, the ruling requires that there be "sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." Id. at *2; see Coe v. Colvin, No. CV 15-30037, 2016 WL 3350995, at *7 (D. Mass. June 15, 2016) ("some objective evidence is necessary in order to determine the severity of a plaintiff's fibromyalgia to support a finding of disability.").

### B. Analysis

---

[4] SSR 96-7p was in effect at the time the ALJ considered plaintiff's application, but it has since been superseded by SSR 16-3p. See SSR 16-3p, 2017 WL 5180304 ("Evaluation of Symptoms in Disability Claims").

On reconsideration, the ALJ's RFC determination is supported by substantial

evidence and not contrary to law. While it is error, under Johnson, to require objective

clinical evidence as a prerequisite to finding a severe impairment of fibromyalgia, "the

physical limitations imposed by the symptoms of such illnesses do lend themselves to

objective analysis." Boardman v. Prudential Ins. Co. of Am., 337 F.3d 9, 16 n. 5 (1st

Cir. 2003) (referring to fibromyalgia and chronic fatigue syndrome). The ALJ need not

accept the claimant's self-reported limitations at face value. Rather, he must often

make a credibility determination by weighing a claimant's allegations against the rest of

the record, including the objective medical evidence or lack thereof. See Coe, 2016 WL

3350995, at *8 (credibility determinations are "a vital piece of the puzzle and therefore

critical to the outcome of fibromyalgia cases.") (internal quotation marks omitted). Such

determinations should not be disturbed if they are clearly articulated and supported by

substantial evidence. See Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192,

194 (1st Cir. 1987).

Here, the ALJ reached supportable conclusions and followed the relevant law

and SSRs in his decision. Citing SSR 96-7p, the ALJ first noted that he would need to

make a "finding on [plaintiff's] credibility" as to those self-reported limitations not

substantiated by objective medical evidence. R. 21; see SSR 96-7p, 1996 WL 374186,

at *2.[5] The ALJ recognized that such a credibility finding had to be "based on a

consideration of the entire case record." R. 21; see SSR 96-7p, 1996 WL 374186, at

*2. He then began his analysis by summarizing plaintiff's self-reported limitations from

---

[5]     In addition to SSR 96-7p, the ALJ also cited SSR 12-2p (albeit in the context of his step-three analysis earlier in the decision). R. 18.

her disability and function reports as well as her hearing testimony. He noted the

limitations she claimed to suffer, including difficulty climbing stairs, bending at the waist

to pick up objects, kneeling, and sitting, as well as her general reports of pain and

assertion that she could not work in any capacity on a sustained basis. Next, the ALJ

surveyed the rest of the record, summarizing the relevant notes from treating physicians

Drs. Ogilvy, Stamoulis, and Friday. He enumerated the evidence of functional

limitations in these notes, such as Dr. Ogilvy's reference to "trouble walking because of

the joint pain." R. 298. In addition, the ALJ noted other findings of the treating doctors,

including Dr. Friday's observation that despite "mild tenderness to palpation at multiple

joints," plaintiff had full range of motion, "5/5 strength throughout," and no evidence of

swelling. R. 296. Finally, the ALJ considered the opinion evidence of state agency

medical consultants Dr. Titanji and Dr. Gopal, each of whom reviewed plaintiff's medical

file and opined on the limitations she might suffer due to her conditions.

Based on his review of the record, the ALJ made the specific finding that

plaintiff's self-reports regarding her limitations were "partially credible."[6] R. 22. He

stated the reason for this finding: "the treatment notes in the record did not support the

conditions to which she testified." R. 22. That finding is supported by substantial

evidence. None of plaintiff's treating physicians explicitly opined on her limitations.[7] As

---

[6]     SSR 96-7p endorses this nuanced balancing. See SSR 96-7p, 1996 WL 374186, at *4 ("The adjudicator may also find an individual's statements, such as statements about the extent of functional limitations or restrictions due to pain or other symptoms, to be credible to a certain degree.").

[7]     The treatment notes do contain isolated comments regarding plaintiff's "trouble walking because of the joint pain" (R. 298) and her having "some functional debility" (R. 296). Those reports are consistent with the ALJ's finding that plaintiff was "partially credible" in her self-reported limitations. While the comments suggest some limitations, they do not wholly support plaintiff's broader claim that she could not work in any capacity on a sustained basis.

such, the ALJ was justified in relying heavily on Drs. Titanji and Gopal, both of whom expressed the belief that while plaintiff might have "some limitations because of joint pain," the objective evidence did not substantiate the more extensive restrictions she alleged.  R. 58, 69; see Mariano v. Colvin, No. CV 15-018, 2015 WL 9699657, at *9 (D.R.I. Dec. 9, 2015), report and recommendation adopted, 2016 WL 126744 (D.R.I. Jan. 11, 2016) (Because treating doctor did not analyze plaintiff's limitations, "the ALJ properly afforded significant probative value to the state agency physicians, who did opine to exertional, postural, manipulative and environmental limitations arising from the objective findings in the record.").  Finally, afer reaching this supportable credibility determination, the ALJ calculated plaintiff's RFC by appropriately incorporating the record evidence.  Though "light work" normally "requires a good deal of walking or standing," 20 C.F.R. § 404.1567, the ALJ specified that plaintiff could "stand or walk at least 6 hours in an 8-hour workday"; could only "sit (with normal breaks) about 6 hours in an 8-hour workday"; could only "climb or balance, stoop, kneel, crouch or crawl" "frequently"; and couldn't climb ladders at all.  R. 20.

Notably, "[w]hat is missing from the administrative record in this case is any assessment by a treating care provider that supports Plaintiff's claims of disabling functional limitations attributable to fibromyalgia."  Barowsky v. Colvin, No. 15-CV-30019, 2016 WL 634067, at *4 (D. Mass. Feb. 17, 2016).  As noted above, there must be "sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity."  SSR 12-2P, 2012 WL 3104869, at *2. Thus, the ALJ was justified in finding that the record evidence was inconsistent with the

full extent of plaintiff's reported difficulties.  His credibility determination, RFC assessment, and ultimate finding of no-disability are supported by substantial evidence.

## IV.     Conclusion

Defendant's Motion for Reconsideration of the Court's Order & Judgment (Docket # 18) is ALLOWED.  Upon reconsideration, defendant's Motion for Order Affirming the Decision of the Commissioner (Docket # 13) is ALLOWED, and plaintiff's Motion for Order Reversing the Commissioner's Decision (Docket # 10) is DENIED. This Memorandum of Decision supersedes the court's prior decision (Docket # 15), and an Amended Judgment shall enter affirming the decision of the Commissioner.

| | |
|---|---|
| February 14, 2018 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |